JOSEPH KEIG, 1443; JOHN H. GARNSEY, 1444; A. A. OFFERMAN, 1445; WILLIAM C. MOONEY, 1446; FRANCIS J. LOUGHRAN, 1447; Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*
*Rehearing denied April 16, 1931.*

JOHN L. WALKER, for claimants.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

All the claimants appear to be represented by the same attorney and their causes of action can be considered jointly as their claims are based upon the same principle.

It appears that certain prisoners were confined in the Illinois State Penitentiary and escaped. Afterwards they were caught and indicted by the Circuit Court of Will County. Afterwards they were brought to trial in the Circuit Court of Will County. It appears that claimants were appointed by the court to represent the defendants under said indict-- ment and according to the allegations made spent a large amount of time and professional effort in behalf of the culprits. It is alleged and claimed also that on account of the location of the penitentiary at Joliet and the consequent necessity of trying this line of cases in that county that a burden was placed upon the bar of that county. This court and its members has had like experience in being appointed to defend those charged of crime and of course accepted the

mandates of the court faithfully although perhaps reluctantly, as a member of the bar naturally desires to be compensated. It is a distinction to be designated by the court to defend. It is also a duty that every lawyer must face and this court is of the opinion that the bar of Will County should of course meet the additional requirements of their community. This institution and those of a similar character contribute to the advantage at least in some respects to a community. The business men and tradesmen naturally profit and these advantages should offset to some extent the burdens that might come to members of the bar. It is the further opinion of the court that in view of the above statements that equity and good conscience should not prevail.

Of course it cannot be contended that there is any legal obligation on the part of the defendant The State of Illinois, and it is the opinion of the court that the demurrer filed by the Attorney General in each of the above cases should be sustained and it is therefore considered that the demurrer be sustained in each of the aforementioned cases.

On April 16, 1931, upon petition for rehearing, the following additional opinion was filed:

The above entitled cases being again brought to the attention of this court upon petition for rehearing and the court finds that there is not sufficient reason shown to grant the same.

Therefore the petition for rehearing is denied.